T.C. Memo. 2004-59


UNITED STATES TAX COURT


BARIUM & CHEMICALS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5668-02.               Filed March 10, 2004.


<u>Keith W. Kern</u>, for petitioner.

<u>Linda C. Grobe</u> and <u>William I. Miller</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>: The petition in this case was filed in response to a Notice of Determination Concerning Worker Classification Under Section 7436 (notice of determination) regarding petitioner's liabilities pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act for 1996, 1997, 1998, and 1999. The issue for decision is

whether Virginia Exley (Exley) was an employee of petitioner for Federal employment tax purposes during 1996 through 1999. Petitioner concedes that it is not entitled to relief under the Revenue Act of 1978, Pub. L. 95-600, sec. 530, 92 Stat. 2885, as amended. The parties stipulated that Exley was not an independent contractor during 1996 through 1999.

The parties agree that, if the Court determines that Exley is classified as an employee of petitioner for purposes of Federal employment taxes for all taxable periods ended June 30, 1996, through December 31, 1999, as set forth in the notice of determination, petitioner is liable for the full amount of employment taxes asserted in the notice of determination.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner is an Ohio corporation with its principal place of business in Steubenville, Ohio.

## Corporate Structure

Petitioner, a manufacturer of specialty chemicals, was incorporated on November 3, 1938, by Norbert Stern and Anna Pavlik. During 1996 through 1999, petitioner was owned by two siblings as equal shareholders, Albert Pavlik, Jr. (A. Pavlik),

and Eleanor Naylor (E. Naylor).  Petitioner's board of directors (board) consists of E. Naylor and her husband Douglas Naylor, Sr. (D. Naylor), and A. Pavlik and his wife Eleanor Pavlik.  Since the death of A. Pavlik's and E. Naylor's mother, Anna Pavlik, who served as president from 1975 until 1987, petitioner has had no president.  A. Pavlik is petitioner's treasurer and vice president of sales and is in charge of petitioner's sales office.  D. Naylor is petitioner's secretary and vice president of purchasing.  E. Naylor is petitioner's assistant treasurer and assistant secretary and is in charge of the administrative functions of petitioner, including accounting, bookkeeping, and record keeping.

Exley's Employment With Petitioner

The employment taxes in issue in this case are based upon payments made from 1996 through 1999 to Exley, who is A. Pavlik's daughter.  Exley worked for petitioner as an employee until 1978.  During Exley's initial employment, she received full benefits and training and was treated by petitioner as an employee.  Exley then married and moved from Ohio with her husband.  Exley returned to petitioner in 1993 to work in the sales office as an administrative assistant.  Exley's job included handling paperwork, documenting orders, creating sales records and reports, giving customers sales quotes, taking orders, and

answering the telephone. Exley also performed personal work for A. Pavlik about 1 hour a week.

A. Pavlik and his son Albert Daniel Pavlik (D. Pavlik) assigned work to Exley, and A. Pavlik reviewed her work. A. Pavlik set the hours to be worked by Exley. Exley was required to get permission from A. Pavlik to take time off from work.

Petitioner's Policy Regarding Rehiring Employees

Petitioner adopted a number of employment policies, which are included in petitioner's employment handbook (handbook). Petitioner's handbook states: "an employee that resigns or is terminated will not be rehired. It is Barium and Chemicals, Inc. explicit policy not to rehire." Because of the split in petitioner's board between the Naylors and the Pavliks, the board did not officially grant a waiver, or exception, to the prohibition on rehiring employees when Exley rejoined petitioner. Other employees were rehired over the years, some of whom were rehired with board approval.

Exley's Compensation and Tax Reporting

E. Naylor did not recognize Exley as a "bona fide" employee and did not include Exley in petitioner's payroll. When Exley rejoined petitioner, A. Pavlik secured an additional corporate checkbook in order to pay Exley her compensation and to pay income tax withholding and Social Security taxes attributable to

her compensation. In petitioner's books and records, E. Naylor treated Exley's compensation payments and the employer's share of Social Security taxes as increased loans to A. Pavlik. A. Pavlik withheld Federal income taxes and Social Security taxes attributable to Exley's compensation. A. Pavlik also secured Federal tax deposit coupons under petitioner's employer identification number and petitioner's corporate name. In order to make the employment tax deposits, A. Pavlik used the address of his personal residence on the Federal tax deposit coupons.

A. Pavlik provided Exley with time cards to record the hours that she worked, and he provided her with pay stubs. He also provided her with Forms W-2, Wage and Tax Statement, for 1993 through 1999. The Forms W-2 reported the Federal income tax, the Social Security tax, and the Medicare tax withheld for Exley. The time cards, pay stubs, and Forms W-2 were slightly different than the system maintained by E. Naylor for petitioner's other employees.

Because E. Naylor did not recognize Exley as an employee, Forms 940, Employer's Federal Unemployment (FUTA) Tax Return, and Forms 941, Employer's Quarterly Federal Tax Return, as prepared by E. Naylor's administrative office, did not reflect Exley's compensation for 1993 through 1999. The Forms 940 and Forms 941 did not show the employment tax liability resulting from Exley's compensation or the deposits made by A. Pavlik. No unemployment

tax deposits were made for Exley's compensation.  Prior to the quarter ended July 31, 1998, petitioner's Forms 941 were signed by A. Pavlik in his capacity as treasurer of petitioner.  The Form 941 that was filed for the quarter ended June 30, 1998, was originally signed by A. Pavlik, but his name was crossed out.  Deborah A. Venci's (Venci) name replaced A. Pavlik's on the Form 941.  Venci signed petitioner's Forms 941 that were filed on and after October 16, 1998, in her capacity as safety officer of petitioner.

Because petitioner's tax deposits exceeded the tax liabilities that were assessed for the Forms 941 for all quarterly periods that Exley received compensation, the Internal Revenue Service refunded the excess of the deposits over the tax assessed or applied the excess to other tax periods or applied the excess to an "excess collections" account.

Petitioner's Intrafamily Litigation

There have been differences between the Naylors and the Pavliks that have resulted in a series of lawsuits.  A constant source of friction among petitioner's directors has been the employment of E. Naylor's and A. Pavlik's children.  E. Naylor's children, Venci and Linda Yanok (Yanok), and A. Pavlik's children, D. Pavlik, Carol Walden, and Exley, have worked for petitioner at various times.  As of August 1, 1994, based on a directive by E. Naylor, paychecks for all Pavlik and Naylor

family members ceased. In December 1994, D. Pavlik filed a lawsuit in the Court of Common Pleas, Jefferson County, Ohio, alleging that he was entitled to wages for services rendered from August 1994 forward.

On May 24, 1996, the family members and petitioner executed a settlement agreement and release (settlement agreement). On May 24, 1996, the board adopted the settlement agreement without holding a board meeting. The settlement agreement provided for payment of back compensation to all of the children, including Exley. One-half of the total amount was paid upon the execution of the settlement agreement, and the remainder was paid in two equal installments on March 31, 1997, and March 31, 1998. Under the settlement agreement, petitioner paid Exley compensation for the period August 1, 1994, through March 31, 1996. The settlement agreement specially recited:

> disputes have existed and continue to exist between the directors concerning whether Virginia Exley could be hired without Board approval and regarding her past and present employment status with * * * [Barium and Chemicals, Inc.] which disputes are not being addressed by this Agreement.

The settlement agreement further provided that the family members, including Exley, would continue to be paid compensation from the date of the settlement agreement on a "going forward" basis. In addition, the settlement agreement restricted the reimbursement of all expenses attributed to A. Pavlik, subjecting

his expenses to approval by either E. Naylor or D. Naylor, from August 1, 1994, forward.

On August 19, 1996, family members filed cross-motions in the Court of Common Pleas for Jefferson County, alleging violations of the settlement agreement. One of the issues raised in the cross-motions was the payment of compensation to Yanok. On August 20, 1996, the court ordered, in part, that A. Pavlik, in his capacity as treasurer of petitioner, pay to Yanok compensation for July and August 1996. The court also ordered A. Pavlik to discontinue a unilateral pay increase to Exley and to reimburse petitioner for the amounts paid to Exley as a result of the pay increase.

On January 31, 1997, additional motions were filed regarding disputes among the family members. On February 28, 1997, the Court of Common Pleas ordered, in part, as follows:

> Albert Pavlik, Jr., is enjoined from writing corporate checks for any payroll purpose * * * the Court ORDERS that all of the payroll related bills of the corporation shall be paid through Eleanor Naylor and those persons under her control with respect to the corporation.

On April 4, 1997, the Court of Common Pleas modified the February 28, 1997, order as follows:

> With respect to the Naylors being the only ones permitted to write payroll checks as set forth in its last Order, said Order is modified to the extent that Albert Pavlik, Jr., may write payroll checks to Virginia Exley in view of the Naylors position that she is not a proper employee of the corporation. However, the said Albert Pavlik, Jr., shall provide the Naylors

with the amount of the checks and withholdings
immediately upon issuing the same.

On April 16, 1997, the Court of Common Pleas modified the

April 4, 1997, order as follows:

With respect to the Order of April 4, 1997, the same is
hereby amended NUNC PRO TUNC to include the
clarification that the payment of money to Virginia
Exley by Albert Pavlik, Jr., is not to be interpreted
in any way as modifying the settlement agreement as it
applies to Virginia Exley and with respect to whether
or not she is an employee of Barium and Chemicals, Inc.
Albert Pavlik, Jr. has been paying Virginia Exley over
the objection of the Naylors because of the Naylors'
position that she is not an employee of the
corporation.  The authorization by the Court that
Albert Pavlik, Jr., may continue to pay Virginia Exley
is not now nor was it ever intended to modify or change
in any way the positions of the respective parties.

OPINION

Whether an employer-employee relationship exists in a

particular situation is a factual question.  Weber v.

Commissioner, 103 T.C. 378, 386 (1994), affd. per curiam 60 F.3d

1104 (4th Cir. 1995).  For the purposes of employment taxes, the

term "employee" includes "any individual who, under the usual

common law rules applicable in determining the employer-employee

relationship, has the status of an employee".  Secs. 3121(d)(2),

3306(i).  Section 31.3121(d)-1(c)(2), Employment Tax Regs.,

defines the common law employer-employee relationship as follows:

(2) Generally such relationship exists when the
person for whom services are performed has the right to
control and direct the individual who performs the
services, not only as to the result to be accomplished
by the work but also as to the details and means by
which that result is accomplished.  That is, an

employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done.  In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so.  The right to discharge is also an important factor indicating that the person possessing that right is an employer.  Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services.  In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. * * *

In deciding whether a worker is a common law employee or an independent contractor, the following factors are considered: (1) The degree of control exercised by the principal; (2) which party invests in the work facilities used by the individual; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship that the parties believed that they were creating.  Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001); Weber v. Commissioner, supra at 387.  All of the facts and circumstances of each case are considered, and no single factor is dispositive. Ewens & Miller, Inc. v. Commissioner, supra at 270; Weber v. Commissioner, supra at 387.

Petitioner argues that Exley was an employee of A. Pavlik and not of petitioner. To support this argument, petitioner relies on Ohio law addressing the authority of directors of a corporation to act on behalf of the corporation. As a result, petitioner argues that "the factors which are considered when a determination is being made as to whether an individual is an independent contractor or an employee are not involved".

Petitioner cites Campbell v. Hospitality Motor Inns, Inc., 493 N.E.2d 239 (Ohio 1986), for the proposition that "the Supreme Court of Ohio determined that an unauthorized employment contract was not binding upon the corporation, unless the employment contract was impliedly ratified by the board of directors". In Campbell v. Hospitality Motor Inns, Inc., supra at 242, the court reaffirmed the rule that an unauthorized contract may be impliedly ratified where the directors have actual knowledge of the facts and (1) accept and retain the benefits of the contract, (2) acquiesce in it, or (3) fail to repudiate the contract within a reasonable period of time. Id.

Respondent argues that Exley was an employee of petitioner because: (1) Petitioner had the right to control how Exley performed the services; (2) petitioner invested in the work facilities used by Exley; (3) Exley had no opportunity for profit or loss; (4) petitioner had the power to discharge Exley; (5) Exley's work was part of petitioner's regular business;

(6) Exley's employment relationship was permanent; and (7) Exley and petitioner believed they were creating an employer-employee relationship. In discussing the factors enumerated above, and in particular the factor regarding whether petitioner and Exley believed they were creating an employer-employee relationship, respondent contends that the "fact that Eleanor Naylor did not intend that Virginia Exley be treated as an employee should not be given effect when common law factors compel a finding that an employee-employer relationship exists." We agree with respondent.

In its reply brief, petitioner admits: (1) A. Pavlik had the right to control how Exley performed her services, including assigning work to Exley, reviewing her work, approving the hours that she worked, and setting her salary; (2) the corporation's facilities were used by A. Pavlik to provide Exley with equipment and supplies; (3) Exley had no opportunity for profit or loss; (4) A. Pavlik had the right to discharge Exley; and (5) Exley's employment relationship was permanent. Petitioner disputes, however, that Exley's work was a part of petitioner's regular business and that Exley and petitioner believed they were creating an employer-employee relationship.

With respect to petitioner's claim that Exley's work was not part of petitioner's business, A. Pavlik and D. Pavlik testified without contradiction that Exley worked in petitioner's sales

department.  In particular, Exley's work related to the sales department's activities of recording of sales, tracking and confirming orders, and answering telephones.  Petitioner retained the benefits of Exley's employment with the corporation. Petitioner and E. Naylor were aware that Exley was working for the corporation and being paid compensation for her work. Petitioner continued to allow Exley to be paid compensation, even if it was paid indirectly through A. Pavlik.  The settlement agreement, and subsequent amendments, provided Exley backpay and continued her compensation in the future, while noting the ongoing dispute over her status as an employee.

With respect to the relationship the parties thought they were creating, petitioner focuses on the lack of board approval over Exley's rehiring.  Petitioner also asserts that, because Exley did not have the same benefits as other employees of petitioner, she was not an employee.

Even where parties expressly agree to create an arrangement for compensation outside of the employer-employee relationship, the evidence, and not characterization of the relationship by the parties, determines employment tax liability.  See Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 105-106 (2003); Ewens & Miller, Inc. v. Commissioner, supra at 268-269; sec. 31.3121(d)-1(a)(3), Employment Tax Regs.  A fortiori, an ongoing family dispute cannot dictate Federal employment tax

consequences.  Exley was performing services for petitioner and was compensated for those services.  Her compensation was received because of her status as an employee.  Petitioner is thus liable for employment taxes on her compensation.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.